JOHN BARNES, in error, *v.* WM. VICKERS, *et als.*

EJECTMENT.  *Seven years possession.   Color of Title.*  To make out a title under the first section of the Statute of Limitation, the adverse possession must be under color of title, and the Statute does not begin to run so as to vest a title under this section, until the possession was begun with the color of title.  A party cannot connect his possession of the land previous to obtaining a deed with his subsequent possession under a deed, to make out the seven years.

FROM WARREN.

Appeal from the Circuit Court.  THOS. N. FRAZIER, Judge, by interchange with Judge HICKERSON.

SMITH & CLARK, and W. V. WHITSEN for Vickers.

SAVAGE & SWOFFORD for Barnes.

McFARLAND, J., delivered the opinion of the Court.

This action of ejectment was prosecuted by Sarah, Mary H., William and R. L. Vickers, to recover of Barnes a tract of land.  The two latter recovered each an undivided one-sixth of the tract, the two former failed.  Barnes took a bill of exceptions, and has appealed in error.  The plaintiff's title consisted of a grant from the State to Jacob Martin, Sr., and Daniel White, dated in 1838, and a deed from Jacob Martin, Sr., to Mary H. Vickers, the wife of Wm. S. Vickers, and her five children, dated 1853.  The

plaintiffs are four of the five children of Mary H. Vickers, who, with her husband, is still alive, but they do not prosecute the action.

The defendant had been in possession some fifteen years before the action was brought. He held under Charles Barnes, who claimed to have purchased it from William S. and Mary H. Vickers, and had a deed signed by them, which was, however, never privily acknowledged by Mary H.

The Circuit Judge held correctly, as we think, that the deed of Jacob Martin, Sr., to Mary H. Vickers, and her five children vested them with title as tenants in common; but it will be seen that the grant was to Jacob Martin and Daniel White jointly, and the deed was only made by Martin.

The Judge charged correctly that seven years adverse possession by Mary H. and her children under this deed, which purported to convey the entire estate in fee, would divest the title of White, and vest them with a perfect title; but as we understand the charge, he also instructed the jury that in order to make out this possession, the plaintiffs might connect their possession of the land previous to the time they obtained the deed of Martin, with their subsequent possession, to make out the seven years. Previous to the time they obtained the deed, they had been in possession of the land under a parol purchase. This charge, we think was erroneous. To make out a title under the first section of the Statute of Limitation, the adverse possession must be under a color of title. Adverse

possession for seven years without color of title, will, under the second section, bar the plaintiffs' action, but this is merely defensive and creates no title, unless the possession be long enough to raise a presumption of a grant; so that the possession without color of title, and possession after color of title was obtained, are entirely different as to the character and effect. The Statute did not begin to run so as to vest a title under the first section, until the possession was begun with the color of title. There was no evidence of seven years possession under the deed, if indeed, the evidence showed seven years possession in all. The Judge on this point said, that when an outstanding title is set up, it must be a valid and subsisting title, and not one barred by the Statute of Limitations. This is true, but a plaintiff must in the first instance make out a *prima facie* title in himself. The defect here is not that there is an outstanding title in White to one-half of the land, but the plaintiffs have failed to make out a title as to one-half. White's title may be barred, but it does not follow that it vested in the plaintiff; it may enure to the benefit of the defendant. Nor do we think this a case where the possession of the defendant goes to perfect the title of the plaintiff, the titles are not one but adverse. For the error, the judgment must be reversed, and a new trial awarded.